# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200



**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: 9-2-2022

The conference scheduled for September 7, 2022 will remain as scheduled, but will be conducted telephonically. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time.  Please dial (888) 808-6929; access code 9781335. SO ORDERED.

September [ ]

**BY ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *The Federal Republic of Nigeria v. VR Advisory Services, Ltd., et al.*,
Case No. 1:21-MC-00007-JGK-VF (S.D.N.Y.)

Dear Judge Figueredo:

We are counsel to respondents VR Advisory Services, Ltd., VR Advisory Services (USA) LLC, VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., Jeffrey Johnson, and Ashok Raju (together, the "VR Respondents") in connection with the above-captioned discovery Application by the Federal Republic of Nigeria under 28 U.S.C. § 1782. In light of developments in the related Section 1782 proceeding in this District—in which Nigeria filed a discovery motion *just last week*—we write pursuant to the Court's Individual Practices in Civil Cases Rule I(e) to respectfully request an adjournment of the September 7, 2022 conference. ECF No. 36.  Nigeria does not consent to this request.

### *Recent Developments*

As the VR Respondents explained in their May 23, 2022 letter (ECF No. 31), Nigeria's Application here seeks substantially the same relief, and from the exact same parties, as Nigeria has been seeking in another Section 1782 application in this District. *The Federal Republic of Nigeria, et al. v. VR Advisory Services, Ltd., et al.*, 1:20-mc-00209 (S.D.N.Y.) (Engelmayer, J.) ("First Application").  Here, Nigeria seeks the Court's permission to take discovery in aid of Nigeria's litigation in England against Process & Industrial Developments Limited ("P&ID"), but Judge Engelmayer is already supervising discovery concerning P&ID's dispute with Nigeria in the First Application.  In response to the May 23 letter—which sought a consented-to adjournment of oral argument—the Court canceled the argument and ordered Nigeria to show cause why this application "should not be dismissed as moot" in light of the First Application, which Nigeria did by letter on May 27.  ECF No. 32 (Order); ECF No. 33 (Nigeria's Letter); *see also* ECF No. 34 (setting July 12, 2022 status conference); ECF No. 36 (adjourning conference to Sept. 7, 2022).

September 1, 2022
Page 2

Since the parties' last substantive updates to the Court in May, the VR Respondents have produced extensive discovery to Nigeria pursuant to the First Application, including documents concerning the same subjects at issue here: the P&ID/Nigeria arbitration, the contract underlying that arbitration, P&ID's efforts to obtain a U.S. court or English court judgment based on the arbitration award, and the payments that Nigeria alleges are improper. *See* ECF No. 31-1 (Order, *First Application,* ECF No. 50). In July, the VR Respondents produced all non-privileged documents from the diligence file related to their affiliate's 2017 investment in P&ID, which holds the arbitration award at issue in the English proceedings. *See* Ex. 1 at 1 (VR Respondents' July 8, 2022 Letter). The VR Respondents have also produced relevant, non-privileged documents from their emails and network drive folders. While Nigeria contends that the VR Respondents' collection was insufficient, Judge Engelmayer gave Nigeria the opportunity to make a showing why, based on the VR Respondents' productions under his order, further discovery would be appropriate notwithstanding the substantial burden already imposed on the VR Respondents. *See* ECF No. 33-1 at Tr. 25:25-26:5; 30:16-23; 47:19-48:7 (April 22, 2022 Hearing Transcript, *First Application*).

The process put in place by Judge Engelmayer is underway. The VR Respondents have produced 1,447 documents comprising 22,813 pages, which can be used in the English proceedings at issue here. *See* ECF No. 31-2 (Stipulated Protective Order, *First Application,* ECF No. 54 at 6). Because the VR Respondents only became involved with P&ID years months after the tribunal issued the final arbitration award, however, many of its documents are privileged and protected from disclosure under U.S. and English law, and the VR Respondents have thus also logged an additional 4,051 documents as privileged. While Nigeria maintains it is entitled to further discovery, it is seeking that relief from Judge Engelmayer: Just last week, Nigeria filed a discovery motion seeking an order that the VR Respondents collect, review, and produce additional documents. *See* Ex. 2 (Nigeria's Letter Motion, *First Application,* ECF No. 58). The VR Respondents responded to Nigeria's letter motion on Tuesday night. *See* Ex. 3 (VR Respondents' Letter Response, *First Application,* ECF No. 59).[1]

Nigeria previously acknowledged that this Application "may not be necessary" if the "VR Respondents collect and produce documents in the Related Proceedings that are responsive to Nigeria's requests in [the First Application], and VR Respondents commit to make the production on a timely basis in time for Nigeria to use the discovery in the English Proceedings." ECF No. 33 at 4. The VR Respondents have done this by complying with Judge Engelmayer's order, yet Nigeria nonetheless wants to proceed with this Application and with the status conference— seeking substantially the same relief as the First Application and pending motion—to harass and burden the VR Respondents.

*Relief Requested*

The VR Respondents respectfully submit that it would be unproductive and a waste of party and judicial resources to proceed with a conference before this Court on September 7, 2022 while the discovery process before Judge Engelmayer is still ongoing. Nigeria declined to consent

---

[1] The production statistics in this letter have been updated from the VR Respondents' August 30 letter (Ex. 3) to reflect the August 31 production. The VR Respondents informed Nigeria about its anticipated August 31 production weeks ago, but Nigeria nonetheless moved for further discovery on August 25. *See* Ex. 4 at 2.

September 1, 2022
Page 3

to this adjournment in part on the basis of the VR Respondents' supposed "failure to comply with their discovery obligations." Ex. 5 at 1 (Email from Nigeria's counsel). The VR Respondents disagree with Nigeria, and Judge Engelmayer will address this dispute in Nigeria's discovery motion, balancing Nigeria's supposed need for further discovery (and any likely benefit) against the substantial burden already imposed on the VR Respondents. This Court need not wade into these issues, particularly while they are pending before Judge Engelmayer.

This is the third request for an adjournment of this conference but the first one to be opposed. *See* ECF No. 31 (first request); ECF No. 35 (second request). Nigeria does not consent for the reasons set forth in its May 27 letter. *See* Ex. 5 at 1 (citing ECF No. 33). The VR Respondents propose adjourning the conference to any time on October 5, 6, or 7, on which all counsel are available. It is more likely that, by then, Judge Engelmayer will have ruled on Nigeria's discovery motion, which will narrow the issue of what additional discovery, if any, Nigeria might be entitled to here.

In the alternative, the VR Respondents respectfully submit that the status conference be canceled altogether and that the Application be dismissed as moot (as the Court suggested may be appropriate, ECF No. 32), or denied outright (as the VR Respondents previously argued, ECF Nos. 20 & 27). Nigeria has offered no sound reason why two Section 1782 applications should proceed in parallel while seeking substantially the same discovery from the same parties. It contravenes the related doctrines of *res judicata* and the rule against duplicative litigation (*Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019)); it undermines the "just, speedy, and inexpensive determination" of these issues (Fed. R. Civ. P. 1); it imposes an undue burden on the VR Respondents (Fed. R. Civ. P. 45(d)(1) and *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)); and it does not provide efficient assistance to foreign tribunals (*Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097 (2d Cir. 1995)).

Even if the First Application would not have satisfied Nigeria's need for discovery in aid of the English proceeding—although Nigeria concedes it does, *see* ECF No. 33 at 4—the Court should still deny the Application. Litigants should not be allowed or encouraged to burden and harass third parties by filing multiple Section 1782 applications tied to different proceedings. *See Hermitage Glob. Partners LP v. Prevezon Holdings Ltd.*, 14-mc-00318 (TPG), 2015 WL 728463, at *5 (S.D.N.Y. Feb. 19, 2015) (quashing duplicative discovery as unduly burdensome).[2] In any event, Nigeria claims to seek discovery here on only one topic not at issue in the First Application— "lobbying efforts," ECF 33 at 3—but Nigeria does not explain why this discovery would aid the English court. In fact, to the VR Respondents' knowledge, none of the disclosure issues or orders in England relate to this topic. *See* ECF No. 20 at 20 (discussing Nigeria's proposed disclosure issues in English proceeding and citing ECF No. 22-7); *see also Mees v. Buiter*, 793 F.3d 291, 299 n.10 (2d Cir. 2015) (irrelevant requests may reflect improper Section 1782 request).

Accordingly, the VR Respondents respectfully request that the Court adjourn the status conference until at least October or cancel the conference altogether and deny the Application.

---

[2] Nigeria's "redline comparison" disingenuously suggests that the subpoenas do not overlap between the applications (ECF Nos. 33 at 3 & 33-2), but "Nigeria arbitrarily re-ordered" the subpoenas "rendering computer-generated comparisons unclear." *See* ECF No. 20 at 11 (citing ECF No. 21-7 and explaining substantial overlap).

Respectfully submitted,

/s/ Darryl G. Stein
Darryl G. Stein, Esq.
Kobre & Kim LLP
Darryl.Stein@kobrekim.com
800 Third Avenue
New York, NY 10022
(212) 488-1200