

Christopher J. Major
*Partner*
Direct (212) 655-3579
Fax (646) 539-3679
cjm@msf-law.com

September 6, 2022

**By ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: ***The Federal Republic of Nigeria v. VR Advisory Services, Ltd. et al.*,
    <u>Case No. 1:21-MC-0007 (S.D.N.Y.)</u>**

Dear Judge Figueredo:

We write on behalf of The Federal Republic of Nigeria ("Nigeria"), the applicant in this proceeding commenced on January 8, 2021, pursuant to 28 U.S.C. §1782 ("Section 1782"). We originally prepared this letter as an opposition to VR Respondents' third request to adjourn the parties' conference with the Court originally scheduled for May 31, 2022. *See* ECF 30 and 37. However, while we were completing this draft letter, the Court entered an Order retaining the September 7, 2022 conference. Therefore, we submit this letter to respond to the points raised by VR Respondents in advance of the conference.

Nigeria seeks discovery in aid of an upcoming January 23, 2023 fraud trial against Process and Industrial Developments Ltd. ("P&ID") before the English High Court of Justice (the "Set Aside Trial") where Nigeria seeks to set aside a $10 billion arbitral award (the "Award"). P&ID is a shell entity owned in part and controlled by VR Respondents, which fraudulently procured the Award against Nigeria.

The Award arose from a twenty-year term Gas Supply and Processing Agreement ("GSPA") between P&ID and Nigeria that P&ID fraudulently procured. The GSPA obligated P&ID to construct a natural gas processing plant in Nigeria, and to supply Nigeria with processed gas for use in power generation. P&ID never had the ability or intention to perform the GSPA, and instead P&ID concocted a breach claim against Nigeria and prosecuted a fraudulent arbitration in London (the "Arbitration") against Nigeria that yielded the Award. The English High Court of Justice has already found a strong *prima facie* case that "the GSPA was procured by bribery," and that during the underlying arbitration P&ID "gave perjured evidence to the Tribunal to give the impression that P&ID was a legitimate business…then relied on that evidence before the Tribunal in the knowledge of its falsities." *See* ECF 4-1, at ¶¶196, 210. Based on the evidence of P&ID's fraud,

the English court authorized Nigeria to proceed with the Set Aside Trial. Through this Section 1782 proceeding, Nigeria seeks evidence for the Set Aside Trial, which commences January 23, 2023 in London.

**Background and Related Proceeding**

In a related proceeding in this District before Judge Engelmayer, Nigeria is seeking discovery in aid of Nigerian criminal investigations into P&ID's fraud (the "Related Proceeding"). In the Related Proceeding, the Second Circuit held that Nigeria is entitled to conduct Section 1782 discovery in this district against VR Respondents, and that the English Proceedings independently "qualify as a 'proceeding in a foreign or international tribunal' within the meaning of [Section 1782]." *Federal Republic of Nigeria v. VR Advisory Services, Ltd.*, 27 F.4th 136, 157 (2d Cir. 2022).

VR Respondents disingenuously cite the Related Proceeding as a basis for this Court to delay or outright deny Nigeria's Section 1782 application even though VR Respondents are at present refusing to engage in meaningful discovery in that matter. Judge Koeltl rejected VR Respondents' prior January 25, 2021 request to transfer this proceeding to Judge Engelmayer, *see* ECF 12; *see also* ECF 10-11. Moreover, in April 2022 Judge Engelmayer rejected VR Respondents' efforts to inject the English Proceedings into the Related Proceeding. *See* Ex. 1 (April 22, 2022 Conference) 14:7-13 ("I'm less concerned about the English proceedings….I am not referring to that in the slightest. And you should assume, by the way, the idea of using the English production is a complete nonstarter. That's gone."); 38:25-39:1 ("This proceeding is defined by the Nigerian criminal proceeding").

Contrary to the prior rulings from Judge Koeltl, Judge Engelmayer and a unanimous panel of the Second Circuit, VR Respondents demand that this Court rule that Nigeria is not entitled to discovery in aid of the Set Aside Trial, and asks Your Honor to tie this proceeding to the Related Proceeding. *See* ECF 37, p. 3. VR Respondents cite no legal authority to support this position, and make no attempt to reconcile their arguments with the District Court and Second Circuit's rulings. VR Respondents' reference to *res judicata* is completely misplaced. VR Respondents fail to cite a single instance where a Section 1782 application was denied because the applicant sought discovery in another proceeding for other foreign proceedings. *See* ECF 37, p. 3. To the contrary, the Second Circuit has expressly held that even where a Section 1782 application is initially denied an applicant can later seek the same discovery from the same parties in aid of the same or related foreign proceedings. *See Mare Shipping Inc. v. Squire Sanders (US) LLP*, 574 Fed.App'x 6, 9 (2d Cir. 2014) (authorizing the Section 1782 applicants to renew their application for Section 1782 discovery at a later date and ordering the respondents "to refrain from destroying, altering, or removing from the territorial limits of the United States any records, materials, or documents that may reasonably be considered to be subject to discovery pursuant to the §1782 discovery order the District Court has denied, for a period of five years from the date of entry of this Order"). Here, the Second Circuit has held in the Related Proceeding that Nigeria can pursue discovery for the Nigeria criminal investigations, but also that the Set Aside Trial qualifies as a

foreign proceeding for which Nigeria can obtain Section 1782 discovery. *Federal Republic of Nigeria*, 27 F.4th at 157.

Section 1782 discovery is concerning to VR Respondents, because they likely have evidence of the P&ID fraud and wish to conceal it. The same law firm representing VR Respondents and seeking to block discovery in this Section 1782 proceeding represented P&ID when it intervened in an earlier Section 1782 proceeding before Judge Schofield for discovery from banking institutions and unsuccessfully sought to quash that discovery. Judge Schofield rejected P&ID's unsupported arguments in that proceeding, and the production Nigeria received from the banks included evidence of bribes paid to corrupt Nigerian officials who approved the fraudulent GSPA. VR Respondents' sole objective is to run out the clock and delay this Section 1782 until it is too late for Nigeria to deploy evidence of the fraud in the imminent Set Aside Trial.

Nigeria previously consented to VR Respondents' prior adjournment requests to "allow VR Respondents to focus on their production, and…to give Nigeria an opportunity to test the adequacy of VR Respondents' production" in the Related Proceeding. *See* ECF 33, p. 3. Nigeria's good faith agreement to adjourn this proceeding was made based on VR Respondents' representations that the discovery produced in the Related Proceeding would address Nigeria's requests in this proceeding. However, VR Respondents have failed to comply with their discovery obligations in the Related Proceeding, and refuse to perform any search for documents responsive to Nigeria's requests made in this proceeding. VR Respondents' production in the Related Proceeding was collected by applying search terms and custodians that VR Respondents selected without consulting with Nigeria, and terms that VR Respondents knew would avoid picking up key relevant documents. For example, VR Respondents acknowledge that "Nigeria seeks the Court's permission to take discovery in aid of Nigeria's litigation in England against Process & Industrial Developments Limited," but for inexplicable reasons VR Respondents have refused to apply "Process & Industrial Developments", "Process and Industrial Developments" or "P&ID" (together the "P&ID Search Terms") or "Gas Supply and Processing Agreement" or "GSPA" (together the "GSPA Search Terms") as search terms when collecting documents in the Related Proceeding. *See* ECF 37, p. 1.

VR Respondents' refusal to cooperate with Nigeria has left Nigeria with no alternative but to prosecute this Section 1782 application. VR Respondents' deficient unilateral collection in the Related Proceeding is not a basis for this Court to deny Nigeria's Section 1782 application. Moreover, the discovery Nigeria seeks in this proceeding is distinct both in terms of scope and purpose from the discovery Nigeria seeks in the Related Proceeding. *See* ECF 33, Ex. 2 (redline comparison of the document requests issued in the Related Proceeding and this proceeding). At a minimum, Nigeria is entitled to an order from this Court ordering VR Respondents to search for and produce documents responsive to the P&ID Search Terms and GSPA Search Terms, and that VR Respondents give deposition testimony in advance of the Set Aside Trial.

At the September 7, 2022 conference, Nigeria will ask that the Court order that VR Respondents promptly comply with Nigeria's Section 1782 subpoenas in this proceeding.

*Magistrate Judge Valerie Figueredo*
*September 6, 2022*
*Page 4*

Very truly yours,

/s/ *Christopher J. Major*

Christopher J. Major