**/CHIVERS**
LLP

300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201

*Via ECF*                                                                November 7, 2022

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

>          Re:     *The Federal Republic of Nigeria v. VR Advisory Services, Ltd., et al.*,
>                  Case No. 1:21-mc-007-JGK-VF (S.D.N.Y.)

Dear Judge Figueredo,

Pursuant to Rule II(c) of Your Honor's Individual Practices in Civil Cases, we write on behalf of the VR Respondents[1] to seek to stay and vacate the Court's order from the bench to submit non-privileged documents exchanged in the confidential English shareholder arbitration for *in camera* review.

This request is based on information that counsel for the VR Respondents learned after the November 1 conference—namely, Nigeria is actively litigating the discoverability of these documents in the set-aside proceeding in English court (the "English Proceeding") and P&ID has committed by this Friday, November 11, 2022, to produce documents regarding the confidential English shareholder arbitration.[2]  English solicitors for P&ID are in the process of preparing this production.  The imminent production of these documents in the English Proceeding weighs decisively in favor of the Court granting the relief that the VR Respondents seek here.

**Background:**  This letter relates to a group of documents that were exchanged between the parties and the tribunal in the confidential English shareholder arbitration that Nigeria identified in its motion letter.  *See* ECF 53-1 at 2 (stating there are 35 such documents).[3]  Regarding these documents, the VR Respondents stated by letter dated August 31, 2022, that, "[t]o the extent that they address the substance of Nigeria's allegations, they do so by reference to materials already before the English court."  *Id.*  In addition, the VR Respondents explained that some of these documents are privileged under English law.  *Id.*  On these grounds, the VR Respondents have not produced any of these documents.  *Id.*  However, the VR Respondents have produced any non-privileged documents from the confidential English shareholder arbitration that (i) relate to

---

[1]  The VR Respondents are VR Advisory Services, Ltd., VR Advisory Services (USA) LLC, VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., Jeffrey Johnson, and Ashok Raju.

[2] Counsel for the VR Respondents have been informed by P&ID's English counsel that the correspondence and court filings related to the litigation of these documents cannot be used as exhibits in this Court without the consent of Nigeria.  Nigeria has copies of all such correspondence and court filings because it is the party litigating to obtain the shareholder documents in the English Proceeding.

[3]  The parties in the confidential shareholder arbitration are Process Holdings Limited (an affiliate of the VR Respondents), Brendan Cahill (a co-founder of P&ID), and Lismore Capital Limited (the majority owner of P&ID).

Nigeria's allegations in the English Proceeding, and (ii) were attached to privileged documents from the confidential English shareholder arbitration. *Id.* In addition, the VR Respondents have committed to producing any non-privileged, contemporaneous evidence concerning Nigeria's fraud allegations that was not submitted in the English Proceeding. *Id.*

During the November 1 conference, counsel for the VR Respondents repeatedly stressed that, to the extent Nigeria was seeking documents in this proceeding that it could get from Mr. Cahill and other witnesses at the English proceedings, that weighed strongly against requiring their production here. *See, e.g.*, Tr. at 8:4-24, 9:4-11, 19:13-20:20, 52:8-19; 53:7-16; 56:21-57:19. In response, Nigeria's counsel argued that "[t]here's no[] showing before the Court that this discovery that we're requesting could be obtained in the English proceeding," Tr. at 10:24-11:2, and that, even if the documents could in theory be sought in the English proceedings, that would not be a bar because there is no foreign "exhaustion" requirement under Section 1782, *see* Tr. at 11:2-3, 54:15-22. The VR Respondents responded that, although there is no bright-line "exhaustion" requirement under Section 1782, the availability of documents in a foreign proceeding has been cited as a basis for the Court, in its discretion, to deny discovery outright or defer discovery decisions until they were ruled upon in the foreign tribunal. *See, e.g.*, Tr. at 8:12-24, 19:13-20:10, 52:3-19, 53:17-24, 56:21-57:14 (citing *In re Porsche Automobil Holding S.E.*, 2021 U.S. Dist. LEXIS 115099, at *20-23 (S.D.N.Y. June 21, 2021) and *In re Malev Hungarian Airlines*, 964 F.2d 97, 102 (2d Cir. 1992)). In addition, the undersigned emphasized that making privilege determinations were particularly difficult in this context due to the application of English privilege law to a confidential arbitration in England. *See* Tr. at 33:24-34:15.[4]

Based on these arguments, the Court instructed that, to aid the Court in further evaluating the discoverability of these confidential English shareholder arbitration documents, the VR Respondents must submit non-privileged documents that were exchanged between the parties in the arbitration for *in camera* review by the Court. *See* Tr. at 45:11-24.

Following the conference, in the course of efforts to better understand the application of English privilege doctrine to the documents in question, counsel for the VR Respondents learned that these very documents are being sought and litigated by Nigeria in the English Proceeding.[5] Indeed, based on Nigeria's demands in the English Proceeding, ***P&ID has agreed to produce documents from the confidential shareholder arbitration*** on or before November 11, 2022. P&ID will make these productions pursuant to English law and the procedural rules of the English court presiding over the English Proceeding.

---

[4] *See 28* U.S.C. § 1782 ("A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."); *Mangouras v. Boggs*, 980 F.3d 88, 98 (2d Cir. 2020) (explaining that discovery pursuant to Section 1782 discovery must "provide for the recognition of all privileges . . . including privileges recognized by foreign law.").

[5] Counsel for the VR Respondents were not aware of the production commitment by P&ID, which counsel for the VR Respondents do not represent, in the English Proceeding until counsel for the VR Respondents began working to understand the English-law privilege determinations that would be required to submit documents to Your Honor. By contrast, Nigeria is a party in both the English Proceeding, where the production commitment was made on October 15, 2022, and in this Section 1782 proceeding, where Nigeria moved to compel production of these internal shareholder records on October 18, 2022.

***Argument:***   The imminent production in the English Proceeding of the shareholder arbitration documents weighs decisively in favor of allowing the English court that is presiding over the English Proceeding to resolve the dispute over the discoverability of these documents.  This outcome is warranted for five reasons.

*First*, the production in the English Proceeding appears to obviate entirely the need for this court (or counsel for the VR Respondents) to undertake any further action on this issue.[6]  A duplication of effort on these documents in the United States is neither necessary nor proportional.  *See, e.g.*, *Metallgesellschaft v. Hodapp (In re An Order Permitting Metallgesellschaft Ag to Take Discovery)*, 121 F.3d 77, 79 (2d Cir. 1997) ("[Where] it [is] clear that discovery [is] equally available in both foreign and domestic jurisdictions, a district court m[ay] rely on this evidence to conclude that the § 1782 application was duplicative[.]").

*Second*, there is a risk of prejudice to the VR Respondents if they are required to submit or produce the documents before the English solicitors for P&ID have completed their privilege review of the documents in advance of the November 11 production.  As counsel for the VR Respondents stressed at the hearing, the English law privilege issues are complex.  *See* Tr. at 33:24-34:15.

*Third*, the failure by Nigeria to notify the Court that Nigeria would be receiving these documents in the English Proceedings, subject to English law and the procedures of the English court, appears to be an attempted end run around the discovery limitations in the English Proceeding, which is contrary to this Court's case law.  *See, e.g.*, *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 195 (S.D.N.Y. 2006) (McMahon, J.) ("This request is currently *sub judice* before the Commission. . . .  If the Hearing Officer concludes that the production of these documents is inappropriate under the Commission's rules, however, enforcement of Microsoft's subpoenas would constitute a clear circumvention of the Commission's procedures[.]"), *abrogated on unrelated grounds by In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2018).

*Fourth*, to the extent Nigeria raises any disputes related to privilege or relevance concerning the documents, Nigeria has already begun the process to seek a ruling from the English court presiding over the English Proceeding.  That is the proper forum for such arguments, which will be made under English law based on the scope of the English Proceeding.  *See, e.g.*, *In re Porsche Automobil Holding S.E.*, 2021 U.S. Dist. LEXIS 115099, at *20-23 (S.D.N.Y. June 21, 2021).

*Fifth*, there will be no prejudice to Nigeria in either this proceeding or the English Proceeding.  At the November 1 conference, Your Honor indicated that an order regarding these documents could be issued by November 14, 2022.  *See* Tr. at 45:23-24.  But Nigeria will receive the documents from P&ID on November 11, 2022.

---

[6] The VR Respondents are not aware of any non-privileged documents in the VR Respondents' possession, custody, or control that were exchanged in the shareholder arbitration and are not in the scope of the production that P&ID will make on November 11.  The VR Respondents will confirm this in writing to Nigeria after the P&ID production is made.  If the VR Respondents determine they have non-privileged documents exchanged between the parties in the confidential shareholder arbitration that are not produced by P&ID, the VR Respondents will produce those documents to Nigeria in this action.

Respectfully,

s/ Jeffrey W. Chivers
Jeffrey W. Chivers, Esq.
*cc: All counsel of record via ECF*

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated:            11/9/22

The Federal Republic of Nigeria is directed
to file a response to the VR Respondents' request by
Friday, November 11, 2022.

4