UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
THE FEDERAL REPUBLIC OF NIGERIA,

               Applicant,

               v.

VR ADVISORY SERVICES, LTD.; VR ADVISORY SERVICES (USA) LLC; VR GLOBAL ONSHORE FUND, L.P.; VR ARGENTINA RECOVERY ONSHORE FUND II, L.P.; JEFFREY JOHNSON; and ASHOK RAJU,

               Respondents.

------------------------------------------------------- x

Case No. 1:21-mc-00007-JGK-VF

**Objection to Order of Magistrate Judge**

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b), VR Advisory Services, Ltd.; VR Advisory Services (USA) LLC; VR Global Onshore Fund, L.P.; VR Argentina Recovery Onshore Fund II, L.P.; Jeffrey Johnson; and Ashok Raju (collectively, the "VR Respondents") file an objection to an order issued by Magistrate Judge Figueredo from the bench on November 1, 2022.

The VR Respondents note, as an initial matter, that this objection may be mooted by subsequent events.[1] Nonetheless, because the deadline for objections to the bench order is today

---

[1] The VR Respondents are aware of two ways in which this objection may become moot. First, the VR Respondents have filed a pending letter motion to stay and vacate the bench order by Magistrate Judge Figueredo, *see* ECF 57, and a hearing on that motion is scheduled before Magistrate Judge Figueredo for November 16, 2022, *see* ECF 62 at 4. Second, the VR Respondents made a proposal on November 11, 2022, to the Federal Republic of Nigeria, which, if accepted, would moot this objection.

(November 15, 2022), and to ensure their procedural rights are preserved, the VR Respondents file this objection to the bench order. To the extent this objection is not mooted by subsequent events, the Court should sustain this objection and vacate the bench order in question.

### I. Background

In this application under 28 U.S.C. § 1782, The Federal Republic of Nigeria ("Nigeria") seeks discovery in aid of a court action filed by Nigeria in London, England (the "English Proceeding"), to set aside an arbitration award that was entered against Nigeria in January 2017 by an arbitration tribunal seated in London (the "Award"). *See, e.g.*, ECF 4 at 2-3. The Award was rendered against Nigeria and in favor of Process and Industrial Developments Limited ("P&ID") based on Nigeria's repudiation of a gas supply and processing agreement ("GSPA") that was entered into by P&ID and Nigeria in January 2010. *See id*. The Award rendered against Nigeria was in excess of $6 billion, and the amount owed by Nigeria on the Award has grown to greater than $10 billion due to accruing interest. *See id*.

The VR Respondents are individuals and entities associated with a global hedge fund manager that invests in sovereign debt, among other investments. The VR Respondents have been drawn into this Section 1782 proceeding because, after P&ID obtained the Award against Nigeria in January 2017, an affiliate of the VR Respondents purchased a 25% interest in P&ID. After the VR Respondents made this investment, Nigeria filed the English Proceeding to seek to set aside the Award based on allegations of fraud by P&ID in the procurement of the GSPA and in the procurement of the Award. *See* ECF 4 (Akhtar Declaration) ¶ 5; ECF 4-1 (Claim Form in the Set-aside Proceeding) ¶ 7.

On September 14, 2022, the Court granted Nigeria's application and authorized service of subpoenas that had been filed on the record. *See* ECF 42 at 14. The Court set an initial production

deadline of October 15, 2022, and a deadline of November 30, 2022 to complete production. *See id.* After meeting and conferring with Nigeria, and reaching agreement on the vast majority of discovery issues, the VR Respondents have produced and will continue to produce documents consistent with these deadlines. Based on the agreements reached with Nigeria and Magistrate Judge Figueredo orders, the VR Respondents have been required to review more than 42,000 documents to respond to Nigeria's subpoenas. These discovery efforts are in addition to the VR Respondents' review of more than 100,000 documents in a related Section 1782 action filed by Nigeria that is pending before District Judge Schofield, 1:20-mc-209-LGS.

On October 18, 2022, Nigeria filed a letter motion to expand the scope of discovery in several ways. *See* ECF 53. The VR Respondents filed a timely response to the letter motion on October 27, 2022. *See* ECF 55. On November 1, 2022, the parties argued the motion in a teleconference before Magistrate Judge Figueredo. *See* ECF 61-1 (Transcript of November 1, 2022 Teleconference) ("Tr."). During the November 1 teleconference, Magistrate Judge Figueredo issued rulings from the bench as to some aspects of Nigeria's letter motion. Thereafter, on November 2, 2022, Magistrate Judge Figueredo entered a text order resolving the remaining aspects of Nigeria's letter motion. *See* ECF 56 (Memo Endorsement).

This objection by the VR Respondents is directed narrowly to one of the orders issued by Magistrate Judge Figueredo from the bench on November 1, 2022. The challenged order relates to a group of documents that were exchanged between the parties to a confidential arbitration that is pending among the present co-owners of P&ID.[2] The VR Respondents disclosed to Nigeria that

---

[2] The parties in the confidential shareholder arbitration are Process Holdings Limited (an affiliate of the VR Respondents), Brendan Cahill (a co-founder of P&ID), and Lismore Capital Limited

3

there are thirty-five such documents, and the VR Respondents initially refused to produce the documents for several reasons. First, the VR Respondents have maintained that many of these documents are privileged, in whole or in part, under English law. *See* ECF 53-1 at 2. Second, the VR Respondents have maintained that the documents are not discoverable unless they contain evidentiary material that relates to Nigeria's fraud allegations and was not already included in the English Proceeding. *See* Tr. at 25:6-26:22. During the November 1 conference, Magistrate Judge Figueredo ordered the VR Respondents to submit the non-privileged documents in question for *in camera* review. *See* Tr. at 45:11-24. Pursuant to Federal Rule of Civil Procedure 72, the deadline for objections to this order is November 15, 2022, and this objection is timely filed.

## II.   Standard of Review

"There is a split of authority as to whether a section 1782 order is a non-dispositive pre-trial discovery order within magistrate judge authority, 28 U.S.C. § 636(b)(1)(A), or a dispositive ruling subject to *de novo* review by a district court judge, 28 U.S.C. § 636 (b)(1)(B)." *In re IJK Palm LLC*, No. 3:16MC171(RNC), 2019 U.S. Dist. LEXIS 88065, at *4-5 (D. Conn. Jan. 30, 2019) (collecting cases). The VR Respondents respectfully submit *de novo* review is the proper standard of review for this objection. *See, e.g.*, *CPC Patient Techs. PTY Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022) (ruling that discovery rulings under Section 1782 are dispositive matters that are subject to *de novo* review). Section 1782 litigations are discovery disputes, such that the resolving of one or more discovery disputes is dispositive as to those issues. *See id.* at 409-10 ("Appellant argues that the denial of a motion to quash in a § 1782 proceeding is non-dispositive because the prospect of additional litigation remains if, for example, the subpoenaed party fails to

---

(the majority owner of P&ID).

4

comply with the court's order. But that possibility exists in virtually all cases, even after the entry of a final judgment.") (quotations omitted); *cf. Bouvier v. Adelson (In re Accent Delight Int'l Ltd.)*, 869 F.3d 121, 128 (2d Cir. 2017) ("Orders granting (or denying) applications for discovery under Section 1782 are considered final adjudications and are immediately appealable pursuant to 28 United States Code Section 1291.").

In addition, the failure by Nigeria to notify Magistrate Judge Figueredo that Nigeria was litigating over these same documents, and had already obtained a production commitment as to these documents, provides a separate ground for *de novo* review here. *Cf., e.g.*, *Lawson v. Homernuk*, 2018 U.S. Dist. LEXIS 70820, at *1-2 (S.D.N.Y. Apr. 24, 2018) ("Grounds justifying reconsideration include 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

### III.   Objection

The VR Respondents respectfully object to Magistrate Judge Figueredo's order instructing the VR Respondents to submit the shareholder arbitration documents in question for *in camera* review.  The Court should sustain this objection, vacate the order in question, and order the VR Respondents to produce the documents in question to Nigeria in the manner proposed herein.

As noted above, the documents in question are documents that were exchanged between the parties to a confidential arbitration that is pending among the present co-owners of P&ID.

During the November 1 conference before Magistrate Judge Figueredo, the VR Respondents stressed that, to the extent Nigeria was seeking documents in this proceeding that it could get from witnesses in the English Proceeding, that weighed strongly against requiring their production here. *See, e.g.*, Tr. at 8:4-24, 9:4-11, 19:13-20:20, 52:8-19; 53:7-16; 56:21-57:19; *see*

*also, e.g.*, *In re Porsche Automobil Holding S.E.*, 2021 U.S. Dist. LEXIS 115099, at *20-23 (S.D.N.Y. June 21, 2021). In addition, the VR Respondents emphasized that making privilege determinations were particularly difficult in this context due to the application of English law to a confidential arbitration in England. *See* Tr. at 33:24-34:15.[3] In response, Nigeria argued that "[t]here's no[] showing before the Court that this discovery that we're requesting could be obtained in the English proceeding," Tr. at 10:24-11:2, and that, even if the documents could in theory be sought in the English proceedings, that would not be a bar because there is no foreign "exhaustion" requirement under Section 1782, see Tr. at 11:2-3, 54:15-22.

Based on these arguments, the Court instructed that, to aid the Court in further evaluating the discoverability of these confidential English shareholder arbitration documents, the VR Respondents must submit non-privileged documents that were exchanged between the parties in the arbitration for in camera review by the Court. See Tr. at 45:11-24.

Following the conference, in the course of efforts to better understand the application of English privilege doctrine to the documents in question, counsel for the VR Respondents learned that documents from the confidential shareholder arbitration are being sought and litigated by Nigeria in the English Proceeding. Indeed, based on Nigeria's demands in the English Proceeding, P&ID agreed to produce documents from the confidential shareholder arbitration on or before

---

[3] *See* 28 U.S.C. § 1782 ("A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."); *Mangouras v. Boggs*, 980 F.3d 88, 98 (2d Cir. 2020) (explaining that discovery pursuant to Section 1782 discovery must "provide for the recognition of all privileges . . . including privileges recognized by foreign law.").

November 11, 2022.

Based on this information, the VR Respondents have filed a letter motion to Magistrate Judge Figueredo seeking to stay and vacate the order instructing the VR Respondents to submit the documents in question for *in camera* review.  *See* ECF 57.  However, the deadline for the VR Respondents to file objections to the order is November 15, 2022, and the VR Respondents have filed this objection to ensure they meet that deadline.

The production of shareholder arbitration documents in the English Proceeding, which was performed in response to Nigeria's demands and litigation efforts in the English Proceeding, weighs decisively in favor of allowing the English court that is presiding over the English Proceeding to resolve the dispute over the discoverability of these documents.  This outcome is warranted for three reasons.

*First*, the production in the English Proceeding appears to obviate entirely the need for this court (or counsel for the VR Respondents) to undertake any further action on this issue.  The VR Respondents have committed that, if the VR Respondents determine they have non-privileged documents exchanged between the parties in the confidential shareholder arbitration that are not produced by P&ID, the VR Respondents will produce those documents to Nigeria in this action.  There is no continued need for the Magistrate Judge's order for an *in camera* review here.  A duplication of effort in the United States concerning documents that Nigeria has litigated for and obtained in the English Proceeding is neither necessary nor proportional. *See, e.g.*, *Metallgesellschaft v. Hodapp (In re An Order Permitting Metallgesellschaft Ag to Take Discovery)*, 121 F.3d 77, 79 (2d Cir. 1997) ("[Where] it [is] clear that discovery [is] equally available in both foreign and domestic jurisdictions, a district court m[ay] rely on this evidence to conclude that the § 1782 application was duplicative[.]").

7

*Second*, the failure by Nigeria to notify the Court that Nigeria would be receiving these documents in the English Proceedings, subject to English law and the procedures of the English court, appears to be an attempted end run around the discovery limitations in the English Proceeding, which is contrary to this Court's case law. *See, e.g., In re Microsoft Corp.*, 428 F. Supp. 2d 188, 195 (S.D.N.Y. 2006) (McMahon, J.) ("This request is currently sub judice before the Commission. . . . If the Hearing Officer concludes that the production of these documents is inappropriate under the Commission's rules, however, enforcement of Microsoft's subpoenas would constitute a clear circumvention of the Commission's procedures[.]"), *abrogated on unrelated grounds by In re del Valle Ruiz*, 939 F.3d 520, 533 (2d Cir. 2018).

*Third*, to the extent Nigeria raises any disputes related to privilege or relevance concerning the documents, Nigeria has already begun the process to seek a ruling from the English court presiding over the English Proceeding. That is the proper forum for such arguments, which will be made under English law based on the scope of the English Proceeding. See, e.g., *In re Porsche Automobil Holding S.E.*, 2021 U.S. Dist. LEXIS 115099, at *20-23.

*   *   *   *   *

For the reasons stated herein, the Court should sustain this objection, vacate the order in question, and order the VR Respondents to produce the documents in question to Nigeria in the manner proposed herein—namely, if the VR Respondents determine they have non-privileged documents exchanged between the parties in the confidential shareholder arbitration that are not produced by P&ID, the VR Respondents will produce those documents to Nigeria in this action.

Date:   November 15, 2022

Respectfully submitted,

/s/ Jeffrey W. Chivers

        Jeffrey W. Chivers, 5157854
          jwc@chivers.com
        Chivers LLP
        300 Cadman Plaza West
        12th Floor
        Brooklyn, New York 11201
        Tel.: (718) 210-9826
        Fax: (212) 202-5097

*Counsel for Respondents VR Advisory Services Ltd., VR Advisory Services (USA) LLC, VR Global Onshore Fund, L.P., VR Argentina Recovery Onshore Fund II, L.P., Jeffrey Johnson, and Ashok Raju*