

**SO ORDERED**
*/s/ Valerie Figueredo*
VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 12-5-2022

Any response from the VR Respondents is due by Thursday, December 8, 2022. A telephonic conference in this matter is hereby scheduled for Monday, December 12, 2022 at 2:00 p.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time.  Please dial (888) 808-6929; access code 9781335.

Christopher J. Major
*Partner*
Direct (212) 655-3579
Fax (646) 539-3679
cjm@msf-law.com

December 2, 2022

**By ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *The Federal Republic of Nigeria v. VR Advisory Services, Ltd. et al.*,  (1:21-MC-0007)

Dear Judge Figueredo:

We write pursuant to Rule II(c)(2) of Your Honor's Individual Practice Rules on behalf of The Federal Republic of Nigeria ("Nigeria"), the applicant in this proceeding commenced pursuant to 28 U.S.C. §1782 ("Section 1782").  VR Respondents are in violation of this Court's Order of November 1, 2022 (the "November 1 Order") mandating VR Respondents to produce to the Court *in camera* by November 7, 2022 thirty-five documents from a shareholder arbitration they filed against their partner in Process and Industrial Developments Ltd. ("P&ID"), and the Court would rule on the production of those documents by November 14.  ECF 61-1, 45:11-46:23.

VR Respondents violated the November 1 Order, and on November 10, 2022 Nigeria wrote to the Court to seek relief from VR Respondents' flagrant violation of the November 1 Order.  ECF 61. The Court scheduled a hearing on Nigeria's letter for November 16, 2022.  Early on November 11, 2022, after Nigeria filed its letter to the Court, VR Respondents capitulated and sought to avoid the consequences of their violation of the November 1 Order.  Specifically, VR Respondents represented to Nigeria that VR Respondents would produce to Nigeria all thirty-five documents from the shareholder arbitration no later than November 30, 2022.  Induced by this material representation from VR Respondents, Nigeria agreed to write to the Court on November 16 to advise the Court that the parties resolved the issues raised in Nigeria's November 10 letter. The Court then cancelled the hearing scheduled for November 16.

Late on November 22, VR Respondents produced twelve of the thirty-five documents.  However, VR Respondents applied massive redactions on the twelve documents, not on the basis of privilege, but rather based on P&ID's unilateral determination that vast amounts of VR Respondents' documents were "irrelevant."  "The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents 'based on that party's unilateral determinations of relevancy.'"  *Christine Asia Co. Ltd. v. Alibaba Group*

*Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018).  This rule applies with greater force here where VR Respondents are using non-party P&ID as a vehicle to evade New York law.

On November 29, Nigeria, through the undersigned and Austin Kim, and VR Respondents, through Jeffrey Chivers and Theodore Rostow, conducted a lengthy meet and confer that lasted approximately forty-five minutes.  During the meet and confer, VR Respondents acknowledged that the redactions violated U.S. law and are indefensible. VR Respondents maintained that the redactions were permissible because that is how P&ID produced the documents in England.  In addition, VR Respondents represented during the meet and confer that they would produce the remaining twenty-three documents from the shareholder arbitration on November 30, and that because those documents were not produced in England by P&ID the VR Respondents would produce the twenty-three documents to Nigeria in New York without redactions.  However, late on November 30, VR Respondents did an about face and declared to Nigeria that VR Respondents would not produce any of the twenty-three remaining documents.

Regardless of whether (a) VR Respondents falsely induced Nigeria into agreeing to advise the Court that VR Respondents' violation of the November 1 Order had been resolved or (b) VR Respondents reneged after the fact, VR Respondents' conduct is outrageous and VR Respondents' continuing violation of the November 1 Order warrants a finding of contempt against VR Respondents.  "A magistrate judge has broad authority to impose sanctions for failure to comply with discovery orders." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 2018 WL 4760345, *6 (S.D.N.Y. 2018) ("Orders imposing sanctions on this basis are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim") (quotations omitted).

"Discovery sanctions are imposed for three purposes: (1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general." *Id*.  All three purposes are implicated here.

First, VR Respondents are currently benefiting from flouting the November 1 Order, and their subsequent misconduct violating the resolution to which they agreed to avoid the consequences of their violation of the November 1 Order.  VR Respondents are flouting the Court's November 1 Order and its agreement with Nigeria to conceal relevant documents from Nigeria in furtherance of VR Respondents' attempt to enforce the known fraudulent arbitral award against Nigeria (the "Award").  *See* ECF 4-2, ¶¶196, 210, 226 (On September 4, 2020, the English High Court found that Nigeria established a "strong prima facie case that the GSPA was procured by bribery," "a strong prima facie case that Mr Quinn [one of the founders of P&ID] gave perjured evidence to the Tribunal" that issued the Award, and "a strong prima facie case that the GSPA was procured by bribes paid to insiders as part of a larger scheme to defraud Nigeria").  Nigeria has been severely prejudiced by VR Respondents' misconduct, including because it is schedule to take depositions on December 12, 13, and 15, and it is being deprived of critical documents for those depositions.

Second, a finding of contempt is necessary to achieve compliance with the Court's November 1 Order and VR Respondents' subsequent agreement to produce all thirty-five to avoid the consequences of their violation of the November 1 Order.

Third, VR Respondents' flagrant flouting of the November 1 Order and VR Respondents' duplicity in either falsely inducing Nigeria into a resolution of VR Respondents' violation of the November 1 Order or reneging on that resolution, mandates a finding of contempt to dissuade VR Respondents from continuing to engage in discovery violations and to dissuade other litigants from violating Court discovery orders in other cases in this District.

At the November 1, 2022 hearing (the "November Hearing"), VR Respondents acknowledged that the English court's September 2020 ruling in Nigeria's favor "was very clearly the even[t] that precipitated the internal shareholder arbitration." *See* ECF 61-1 at 25:6-15, 30:13-16. The shareholder arbitration is related to P&ID's fraud against Nigeria and the shareholder arbitration documents are plainly relevant to the English Proceedings. That is likely why VR Respondents have engaged in misconduct to try to avoid production of the thirty-five documents.

VR Respondents assert that P&ID's English counsel should be allowed to dictate the scope of VR Respondents' disclosure in the United States of VR Respondents' shareholder arbitration documents. VR Respondents have taken this position even though they readily admit that the Federal Rules do not authorize the relevance redactions P&ID applied to VR Respondents' documents. Regardless, VR Respondents' assertion is irrelevant, because the Court already ordered VR Respondents to submit the thirty-five documents *in camera*. To avoid that *in camera* review VR Respondents agreed to produce all non-privileged documents to Nigeria. VR Respondents never disclosed to the Court or Nigeria that they intended to redact the shareholder arbitration documents based on unilateral relevance determinations. Instead, VR Respondents' arguments focused entirely on the attorney-client privilege. *See* ECF 63, pp.3, 6; 61-1, 33:24-34:6.

Of the twelve shareholder arbitration documents VR Respondents have produced, comprised of 281 pages, only 6 pages contain privilege redactions. By contrast, 242 pages (86% of the production) contain redactions for "Irrelevant and confidential," and of the 242 redacted pages, 152 pages (54% of the production) are redacted in full as purportedly "Irrelevant and confidential." Among the redactions are tables of content, word indices from transcripts, and select words from sentences. Moreover, key portions of the shareholder arbitration documents have been produced in an illegible manner. Relevance redactions are improper. *Christine Asia Co. Ltd.*, 327 F.R.D. at 52, 54; *see also John Wiley & Sons, Inc. v. Book Dog Books*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("redactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege"). VR Respondents know that the Award is a fraud and cannot continue to conceal information related to P&ID's fraud from Nigeria. Pursuant to Federal Rule 37, the Court should find VR Respondents in contempt and require VR Respondents to immediately produce, in full, all thirty-five shareholder arbitration documents less only the minor privilege redactions, and issue any further sanction against VR Respondents as the Court deems just and proper. *See Infomir LLC*, 2018 WL 4760345, *11-12.

*Letter to Magistrate Judge Figueredo*
*December 2, 2022*
*Page 4*

Very truly yours,

/s/ *Christopher J. Major*

Christopher J. Major

cc: All counsel of record (via ECF)