**CHIVERS** LLP

300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201

*Via* ECF

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

> SO ORDERED
>
> /s/ Valerie Figueredo
> VALERIE FIGUEREDO
> United States Magistrate Judge
>
> Dated: 12-7-2022
>
> Any response to this letter is due by Friday, December 9, 2022 at 5:00 p.m.

Re:   *The Federal Republic of Nigeria v. VR Advisory Services, Ltd., et al.*,
Case No. 1:21-mc-007-JGK-VF (S.D.N.Y.)

Dear Judge Figueredo,

Pursuant to Rule II(c) of Your Honor's Individual Practices in Civil Cases, we write on behalf of the VR Entity Respondents[1] to seek a protective order that imposes reasonable limitations on the 30(b)(6) depositions that are scheduled in this action for December 15, 2022.[2]

Before filing this letter motion, counsel for the VR Respondents served written objections and met and conferred with Nigeria on November 18, December 2, and December 6, 2022. Based on these discussions, the parties have narrowed some topics and the VR Entity Respondents have agreed to present a witness on eight topics and twenty-six subtopics. Nigeria has declined to narrow the deposition topics identified herein or agree to the limitations requested. The VR Respondents were thus obliged to file this motion to narrow reasonably the upcoming depositions.

***Background***:   The essential background of this motion is the relevant timeline and claims in the English Proceeding. In the English Proceeding, Nigeria seeks to set aside the Award (rendered in January 2017) based on alleged fraud in connection with the arbitration proceedings that led to the Award (which occurred between 2012 and 2017) and alleged fraud in connection with the procurement and performance of the GSPA (which occurred between 2010 and 2012). *See* ECF 4 (Akhtar Decl.) ¶ 5; ECF 4-1 (Claim Form) ¶ 7. As the record shows (and Nigeria does not dispute), the VR Respondents were not involved in the relevant events in Nigeria and England between 2010 and 2017. Rather, the VR Respondents were drawn into this Section 1782 proceeding because, after P&ID obtained the Award in January 2017, an affiliate of the VR Respondents ("Process Holdings Limited," or "PHL") purchased a 25% interest in P&ID.

---

[1] The VR Entity Respondents are VR Advisory Services, Ltd., VR Advisory Services (USA) LLC, VR Global Onshore Fund, L.P., and VR Argentina Recovery Onshore Fund II, L.P.

[2] The VR Entity Respondents began meeting and conferring with Nigeria concerning these depositions ten days before Nigeria challenged the VR Respondents' production of shareholder-arbitration documents, the latter of which has led to a letter motion by Nigeria. *See* ECF 68 (Nigeria's Letter Motion to Compel and for Contempt). Given the deposition schedule, the VR Respondents have placed this motion for protective order on file before responding to Nigeria's pending motion. The VR Respondents will file a response to Nigeria's motion to compel and for contempt on or before the court-ordered deadline of December 8, 2022. *See* ECF 69.

*Argument*:  Against this background, and after extensive written discovery, Nigeria has served exceedingly broad 30(b)(6) notices on the VR Entity Respondents.  Under the governing legal standards, many of the noticed topics should be foreclosed entirely.  In addition, the deposition topics and the meet-and-confer discussions between counsel have confirmed that Nigeria seeks to use the upcoming depositions to ask questions of the VR Entity Respondents that are entirely inappropriate for a 30(b)(6) deposition.  The overarching limitations requested herein by the VR Entity Respondents are thus appropriate and supported by good cause.

The grounds for this protective order stem from five established principles of Rule 30(b)(6) depositions.  *First*, questioning must be foreclosed on topics that are not relevant to Nigeria's fraud claims in the English Proceeding ("Relevance").[3]  *Second*, questioning must be foreclosed on topics that are not stated with requisite particularity ("Particularity").[4]  *Third*, questioning must be foreclosed to the extent it merely demands that a witness memorize and recite information contained in documents that Nigeria already possesses ("Document Recitation").[5]  *Fourth*, questioning must be foreclosed on topics that impose a disproportionate burden in preparing a witness ("Burden").[6]  *Fifth*, questioning must be foreclosed to the extent it seeks the entities' views, conclusions, contentions, opinions, or legal theories ("Views, Conclusions, or Opinions").[7]

***Requested Overarching Limitations***:  As applied to this Section 1782 action, these general principles yield five overarching limitations that can and should be imposed on the 30(b)(6) depositions.  The Court should impose these limitations in advance because (i) the deposition topics strongly signal Nigeria's intention to ask questions that would violate the governing case law unless these limitations are imposed; and (ii) the extensive meet-and-confer discussions between counsel have confirmed Nigeria's intentions in this regard.[8]  Specifically, the VR Respondents request the Court reasonably limit the 30(b)(6) depositions by ordering as follows:

---

[3] *See, e.g.*, *Rouviere v. DePuy Orthopaedics, Inc.*, 2020 U.S. Dist. LEXIS 97860, at *4 (S.D.N.Y. June 3, 2020) ("The deposition topics must be 'relevant to any party's claim or defense.'") (citation omitted); *Wilson v. Corelogic Saferent, LLC*, 2016 U.S. Dist. LEXIS 68138, at *6-7 (S.D.N.Y. May 23, 2016); *Sanofi-Synthelabo v. Apotex Inc.*, 2009 U.S. Dist. LEXIS 122076, at *7–10 (S.D.N.Y. Dec. 29, 2009).

[4] *See, e.g.*, *Rouviere*, 2020 U.S. Dist. LEXIS 97860, at *4-5, *13–17; *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 U.S. Dist. LEXIS 126008, at *5 (E.D.N.Y. Feb. 11, 2022) ("Reasonable particularity" means that the noticing party must describe the noticed topics with 'painstaking specificity' as to subject areas that are relevant to the dispute at issue.").

[5] *See, e.g.*, *DDK Hotels*, 2022 U.S. Dist. LEXIS 126008, at *6, 40 (E.D.N.Y. Feb. 11, 2022); *Jenkins v. XpresSpa Grp., Inc.*, 2020 U.S. Dist. LEXIS 58724, at *12–15 (S.D.N.Y. Apr. 2, 2020).

[6] *See, e.g.*, *Rouviere*, 2020 U.S. Dist. LEXIS 97860, at *4-5; *City of N.Y. v. FedEx Ground Package Sys.*, 2016 U.S. Dist. LEXIS 56553, at *38 (S.D.N.Y. Apr. 27, 2016); *Sanofi-Synthelabo*, 2009 U.S. Dist. LEXIS 122076, at *7–10.

[7] *See, e.g.*, *JPMorgan Chase Bank ex rel. Mahonia Ltd. v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (Rakoff, J.) ("In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means."); *DDK Hotels*, 2022 U.S. Dist. LEXIS 126008, at *36 (improper to seek deponent's "views," as opposed to facts).

[8] In the parties' extensive meet-and-confer discussions, Nigeria's counsel has indicated and/or implied that Nigeria intends to ask the improper questions that are identified in numbered paragraphs 1 through 5 of this letter motion.

1. The VR Entity Respondents are not required to answer questions that seek their views, conclusions, or contentions. Such questions are categorically improper under this Court's 30(b)(6) case law, *see supra* n.8, and do not seek relevant information.
2. The VR Entity Respondents are not required to answer questions based on their past review of documents filed in the Arbitration or the English Proceeding. Such questions impose undue burden and seek improper recitation of documents that, moreover, are from litigations in which Nigeria is a party and the VR Respondents are not. *See supra* nn.6–7.
3. The VR Entity Respondents are not required to answer questions seeking their adoption or rejection of legal analyses, factual allegations, factual assertions, or factual findings in the Arbitration, the confidential shareholder arbitration, or the English Proceeding. Such questions are categorically improper under this Court's 30(b)(6) case law, *see supra* n. 8, impose an undue preparation burden, and seek irrelevant testimony.
4. The VR Entity Respondents are not required to provide testimony concerning the following subjects: (i) the terms of the VR Respondents' investment in P&ID; (ii) the transactions through which the VR Respondents effectuated their investment in P&ID; (iii) the post-2016 corporate governance or structures of the VR Respondents, PHL, or P&ID; (iv) any transaction by the VR Respondents, PHL, or P&ID relating to payments for litigation service providers. Testimony on these subjects is entirely irrelevant to the claims in the English Proceeding, commercially sensitive, and imposes an undue burden.
5. The VR Entity Respondents are not required to answer questions concerning the confidential shareholder arbitration, other than by identifying the facts related to the procurement of the GSPA or the arbitration proceedings leading to the Award that were alleged or presented in the shareholder arbitration. Questions seeking broader testimony are commercially sensitive and entirely irrelevant to the English Proceeding.

***Improper Topics:*** In addition to these reasonable limitations, the Court should foreclose or narrow Nigeria's examination on the following topics.

| Topic(s) | Bases for Objection[9] | Relief Sought |
|---|---|---|
| 2 | Particularity; Document Recitation | Foreclose |
| 4, 5, 6 | Particularity; Views, Conclusions, or Opinions; Document Recitation | Foreclose |
| 7 | Views, Conclusions, or Opinions; Particularity; Document Recitation | Foreclose |
| 10–12 | Relevance | Foreclose |
| 13 | Particularity; Relevance; Views, Conclusions, or Opinions | Foreclose |
| 14 | Particularity; Relevance; Document Recitation | Foreclose |
| 18 | Particularity; Relevance; Document Recitation | Foreclose |
| 19–21 | Particularity; Relevance; Document Recitation | Narrow to records produced by VR |

---

[9] The deposition topics are listed in Exhibit 1 (Exemplary Notice of Deposition). The VR Entity Respondents also incorporate in full their written objections in Exhibit 2.

Respectfully,

s/ Jeffrey W. Chivers

Jeffrey W. Chivers, Esq.

*cc:  All counsel of record via ECF*