

Christopher J. Major
*Partner*
Direct (212) 655-3579
Fax (646) 539-3679
*cjm@msf-law.com*

December 9, 2022

**By ECF**

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***The Federal Republic of Nigeria v. VR Advisory Services, Ltd. et al.*, (1:21-MC-0007)**

Dear Judge Figueredo:

We write on behalf of the Federal Republic of Nigeria ("Nigeria"), the applicant in this proceeding commenced pursuant to 28 U.S.C. §1782 ("Section 1782") against VR Respondents' December 6, 2022 letter motion for a protective order. ECF 70. Nigeria seeks discovery in aid of an upcoming English fraud trial scheduled to commence on January 16, 2023 (the "English Proceedings") to set aside a fraudulent $11 billion arbitral award (the "Award"). VR Respondents, through their wholly owned affiliate Process Holdings Limited ("PHL"), own 25% of the entity that procured the fraudulent Award, non-party Process and Industrial Developments, Ltd. ("P&ID"), the owner of the fraudulent Award. VR Respondents fear that disclosing information they have related to P&ID's fraud will jeopardize their investment. The motion for a protective order is a delay tactic aimed at obstructing discovery and running out the clock to prevent Nigeria from uncovering additional evidence of P&ID's fraud in time for the English fraud trial.

VR Respondents frame their motion as seeking "reasonable limitations" on the Rule 30(b)(6) deposition presently scheduled for December 15, 2022, but what they really seek is a sweeping order that forecloses Nigeria from making any inquiry into VR Respondents' knowledge of P&ID's fraud. ECF 70 p.1. VR Respondents also ask the Court to preemptively micromanage the deposition to block Nigeria from asking any substantive questions of VR Respondents' 30(b)(6) witness. VR Respondents do not cite a single instance where any court has issued the type of broad generalized restrictions VR Respondents demand here. None of the cases cited in the footnotes to VR Respondents' letter support issuing a protective order, and VR Respondents fail to justify blocking Nigeria from asking questions based on the purported "five established principles" of Rule 30(b)(6) cited in their letter. ECF 70 p.2, nn. 3-7.

First, the topics in Nigeria's Rule 30(b)(6) deposition notice are relevant to the English Proceedings. VR Respondents acquired an interest in P&ID for the sole purpose of enforcing the Award against Nigeria. Discovery in this proceeding confirms that VR Respondents apparently conducted "extensive due diligence" into P&ID before investing in the fraudulent Award in October 2017. VR Respondents' due diligence continued after October 2017, which is evidenced

both in investor newsletters produced in discovery and the website www.pandidfacts.com that VR Respondents created in 2019 to disseminate false propaganda against Nigeria. Moreover, the Court previously ordered VR Respondents to disclose documents evidencing "valuation of the investment that concern the arbitration or GSPA" and also ordered VR Respondents to disclose the "purchase price at which the VR Respondents obtained their 25% interest in P&ID". ECF 58 p.1. Nigeria is entitled to question VR Respondents on their due diligence into P&ID, and valuation and acquisition of P&ID and the Award. VR Respondents offer no legal authority to support the contention that topics that are relevant for document discovery somehow lose their relevance for a Rule 30(b)(6) deposition.

Second, Nigeria's targeted deposition topics all relate to P&ID (Topics 1, 3-5, 8-10, 16, 20-21), the Award and the underlying arbitration that resulted in the Award (the "Arbitration") (Topics 2, 7, 11, 18), VR Respondents' acquisition of the Award (Topics 12, 19), and other key issues relevant to the English Proceedings, including unlawful payments made to current or former Nigerian officials (Topics 13-17, 22). The purpose of the particularity requirement is to "avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought". *Soroof Trading Dev. Co., Ltd. v. GE Fuel Cell Systems, LLC*, 2013 WL 1286078, *2 (S.D.N.Y. Mar. 28, 2013). Before Nigeria issued its Rule 30(b)(6) deposition notice, VR Respondents identified Joshua Nemser as their likely 30(b)(6) witness. VR Respondents' consistent identification of Mr. Nemser as VR Respondents' Rule 30(b)(6) witness eviscerates their disingenuous particularity objection which is really designed to block discovery.

Third, Nigeria should not be foreclosed from asking questions related to information contained in documents produced by VR Respondents. "[A] party should not be prevented from questioning a live corporate witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered. When information has already been provided in other forms, a witness may still be useful to testify as to the interpretation of papers, and any underlying factual qualifiers of those documents (i.e. information which the defendant knows but is not apparent on the face of the documents)." *Soroof*, 2013 WL 1286078, *5. Nigeria is not asking VR Respondents' 30(b)(6) witness to "memorize" their production, nor is it asking the witness to appear to merely "recite information" contained in documents in Nigeria's possession. ECF 70 p.2. Nigeria is entitled to question VR Respondents' Rule 30(b)(6) witness on documents VR Respondents considered as part of their ongoing due diligence into P&ID, and documents generated and produced by VR Respondents in this proceeding.

Fourth, VR Respondents offer no support for their overblown claims of burden, which reflect VR Respondents' misapprehension of Rule 30(b)(6) and the applicable standard in the Second Circuit. ECF 70 pp. 2-3. During the parties' meet and confers, Nigeria consistently advised VR Respondents that Nigeria is not asking VR Respondents to conduct a new investigation into P&ID's fraud. Rather, consistent with Rule 30(b)(6) VR Respondents must designate a corporate representative to "testify about information known or reasonably available to the organization", *see* Fed.R.Civ.P. 30(b)(6), and "make a conscientious good-faith endeavor to designate the persons having knowledge of the [relevant subject matters]....and to prepare the persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Alheid v. Target Corp.*, 2017 WL 4174929 at *2 (S.D.N.Y. Aug. 29, 2017). VR Respondents must

"gather information from sources 'under its control,' including 'documents, *past* employees, or *other* sources'" within reasonable access. *Coty Inc. v. Excell Brands, LLC*, 2016 WL 7187630 at *3 (S.D.N.Y Dec. 9, 2016) (emphasis in original).

Fifth, VR Respondents' "opinions and beliefs" and knowledge of "historical facts" are proper topics of examination under Rule 30(b)(6). *See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, 2017 WL 9400671 at *1 (S.D.N.Y. April 27, 2017) ("The organizational designee can be questioned about historical facts, as well as the opinions and beliefs of the organization"). Nigeria is not seeking to depose VR Respondents on their legal contentions or analysis. VR Respondents made their investment in P&ID only after conducting extensive due diligence into P&ID. The express purpose of the investment was to acquire a minority stake in P&ID and provide P&ID with financial support to enforce the Award. VR Respondents' due diligence into P&ID and statements made by VR Respondents to their investors after acquiring 25% of P&ID are not legal contentions. Nigeria is entitled to depose VR Respondents on matters related to their knowledge of P&ID's fraud, how VR Respondents became aware of P&ID's fraud, and VR Respondents' continued support of P&ID's fraud.

VR Respondents know that the Award is a fraud. After the English court found that Nigeria established a "strong prima facie case" that the Award was procured by perjured evidence and "bribes paid to insiders as part of a larger scheme to defraud Nigeria" (*see* ECF 4-2 ¶¶196, 210, 226), VR Respondents commenced suit against P&ID's other shareholder, Lismore Capital Ltd. and co-founder Brendan Cahill for defrauding VR Respondents into investing in P&ID. Among the reasons for VR Respondents suing their partner is VR Respondents' own factual assertion that Cahill made illegal payments to Nigerian officials. Nigeria is entitled to question VR Respondents on statements made in the shareholder arbitration, and VR Respondents offer no authority to support their absurd contention that an investor in a fraudulent arbitral award that is suing the parties from whom it purchased the award can avoid questions about its knowledge of the fraud.

VR Respondents' generalized objections have no basis in fact and lack any specificity. ECF 70 pp. 2-3 and ECF 70-2. For example, VR Respondents contend it would be "infeasible and disproportionate" to prepare a witness to testify as to the "more than 20,000…documents" "related to P&ID, the GSPA, the Arbitration or the Awards" *See* ECF 70-2, p.19. However, VR Respondents' production is nothing close to 20,000 documents. To date, VR Respondents have produced 4,840 documents, the majority of which are blank pages for withheld documents. VR Respondents' largest production to date, made on November 30, 2022, purportedly included 2,242 documents. However, over 1,700 of the purported documents are blank pages for documents withheld on privilege grounds. VR Respondents have throughout this proceeding offered this Court vastly exaggerated document counts to mislead the Court on purported burden issues.

VR Respondents offer no basis for their demand to foreclose or limit Nigeria's right to question VR Respondents' 30(b)(6) witness on P&ID, the GSPA, the Arbitration, and VR Respondents' knowledge related to P&ID's fraudulent procurement of the Award. The Court should reject VR Respondents' attempts at obstruction and order VR Respondents to offer a 30(b)(6) witness to testify on the subject matters identified in Nigeria's 30(b)(6) notices of deposition. *See e.g.*, ECF 70-1.

*Letter to Magistrate Judge Figueredo*
*December 9, 2022*
*Page 4*

Respectfully,

/s/ *Christopher J. Major*

Christopher J. Major

cc: All counsel of record (via ECF)