UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

**THE FEDERAL REPUBLIC OF NIGERIA,**

                Applicant,

    - against -

**VR ADVISORY SERVICES, LTD, ET AL.,**

                Respondents.

21-mc-7 (JGK)

MEMORANDUM OPINION
AND ORDER

---

**JOHN G. KOELTL, District Judge:**

In this proceeding pursuant to 28 U.S.C. § 1782, the respondents have filed an objection, ECF No. 82, to the Magistrate Judge's ruling on December 12, 2022, ECF No. 74, that required the respondents to produce certain documents without redactions except for redactions for privilege pursuant to English law. While the Magistrate Judge had delayed the need for production, that delay has expired and the documents have since been produced. For the following reasons, the respondents' objection to the Magistrate Judge's discovery ruling is **overruled.**

I.

A district judge may only set aside or modify a portion of a Magistrate Judge's ruling on a non-dispositive pretrial matter if can be "shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a); Champion Int'l Corp. v. Liberty Mut.

Ins. Co., 128 F.R.D. 608, 610 (S.D.N.Y. 1989). A Magistrate Judge's ruling on pretrial matters, including discovery, "generally are considered 'nondispositive.'" Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). This case is a traditional discovery dispute that should be decided with the deference that is usually accorded to Magistrate Judges in deciding discovery dispute. See Hasbrouck v. BankAmerica Housing Servs., Inc., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (collecting cases).[1]

While a decision to dismiss a Section 1782 application may be subject to a more exacting de novo review, see CPC Patent Techs. PTY Ltd. v. Apple, Inc., 34 F.4th 801 (9th Cir. 2022), this is not such a case. In CPC Patent, the Court of Appeals for the Ninth Circuit found that the Magistrate Judge's order denying discovery in a Section 1782 application was dispositive of that application because discovery was "the only relief sought by [the applicant]" in that case. Id. at 807. However, in this case, the Magistrate Judge's order requiring the

---

[1] The respondents argue that the Order should be vacated because the Magistrate Judge failed to take into account that the scope of discovery was being litigated in England. However, the Magistrate Judge was not required to await any result of any other proceeding. See Fed. Republic of Nigeria v. VR Advisory Servs., Ltd., 27 F.4th 136, 155 (2d Cir. 2022) (requiring a Section 1782 applicant to "exhaust[] its opportunities for discovery before the foreign tribunal . . . has no basis in the text or purpose of § 1782").

2

respondents to produce certain documents for discovery without redactions did not dismiss the applicant's Section 1782 application, nor did it wholly dispose of the Section 1782 application. See also In re Application of Sukhbaatar Batbold, No. 21-mc-218, 2023 WL 2088524, at *3 (S.D.N.Y. Feb. 17, 2023) (collecting cases) ("[M]ost courts in this District review magistrate judge's opinions granting or denying Section 1782 applications for clear error, concluding that such rulings are ancillary to the foreign proceedings and do not dispose of the underlying claims and defenses in the foreign tribunal, thereby making them non-dispositive."). In any event, even applying a de novo standard of review, there is no showing that the Magistrate Judge's ruling on the proper scope of discovery was erroneous.

The current application is now moot because the documents have been produced without redaction except for those as provided for by English privilege law. ECF No. 85 at 2, 12. The respondents argue that the objection is not moot because the respondents may seek to "claw back the portions of the documents" produced that they assert should have been redacted. ECF No. 87 at 8-9. However, the documents have been produced and admitted into evidence without objection at trial in the English proceedings underlying this application, and both parties have referenced the documents during trial. See ECF No. 98 at 1-2. The English trial began on January 16, 2023, and concluded on

3

March 9, 2023, and the documents were submitted to the English trial court on January 5, 2023. Id. at 3. Sustaining the objection here would grant "no effectual relief" to the respondents because "the relevant information has already been disclosed" and there is no way to "make the already public information nonpublic again." Chevron Corp. v. Donziger, 990 F.3d 191, 201 n.5 (2d Cir. 2021).

Moreover, the respondents' objection is meritless. Nothing in the Magistrate Judge's decision requiring the documents at issue to be produced without redactions except for those granted by English privilege law was clearly erroneous or contrary to law. Magistrate Judges are afforded broad discretion in ruling on pretrial matters, including ruling on discovery disputes. See Champion Int'l Corp., 128 F.R.D. at 610 ("[I]n this Circuit, the Magistrate [Judge] is afforded broad discretion and [her] decision will be overruled only if that discretion is abused."). In this case, the Magistrate Judge was well within her discretion to determine the proper scope of discovery in a Section 1782 application. The respondents bear a "heavy burden" to show that the Magistrate Judge abused her discretion by ordering the respondents to produce the requested documents without redactions except for those based on privilege under English law, which they have not satisfied. Id. The Magistrate Judge concluded reasonably that there was no basis for

4

redactions except for redactions pursuant to privilege under English law. Because the respondents have not satisfied their burden, and because the Magistrate Judge's ruling was not clearly erroneous or contrary to law, the respondents' objection is **overruled**.

## II.

The applicant has also moved to strike the Declaration of Theodore Rostow, ECF No. 79-1, and the reply brief submitted by the respondents, ECF No. 87. ECF Nos. 84, 90. However, neither the Declaration of Theodore Rostow nor the respondents' reply brief affects the Court's decision to overrule the respondents' objection to the Magistrate Judge's order. Accordingly, both motions to strike are **denied as moot**.

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The respondents' objection to the Magistrate Judge's December 12, 2022 Order is **overruled**. The applicant's motions to strike the Declaration of Theodore Rostow

and the respondents' reply brief are both **denied as moot**. The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**    **New York, New York**
             **March 13, 2023**

_____
John G. Koeltl
United States District Judge